RENDERED: FEBRUARY 17, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1490-MR

JAMES ERIC BANKSTON                                            APPELLANT

v.              APPEAL FROM MARION CIRCUIT COURT
HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NO. 17-CI-00076

JENNIFER S. MATTINGLY                                    APPELLEE

### OPINION
### REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; JONES AND KAREM, JUDGES.

JONES, JUDGE: The Appellant, James Eric Bankston, brings this appeal following entry of the November 22, 2021 order issued by the Marion Circuit Court ("circuit court"). The order specified that the Appellee, Jennifer S. Mattingly, and Bankston could each claim the parties' minor child as a dependent on his/her federal income tax returns every other year on a rotating basis. On appeal, Bankston asserts the circuit court's order is erroneous as a matter of law.

For the reasons set forth below, we reverse the circuit court and remand this matter.

## I. BACKGROUND

Bankston and Mattingly were never married. They have a child together who was born in July 2015. The parties have always had joint legal custody of the child, but it was not until April of 2018, that Bankston received equal timesharing. As noted by the circuit court under the current timesharing schedule the parties "essentially alternate physical custody on an equal basis." However, Bankston has a considerably higher income than Mattingly, and he pays her monthly child support despite the fact that he has the child half of the time.

In 2018, by agreement of the parties, Bankston was permitted to claim the parties' child as his dependent for purposes of his federal income taxes. However, thereafter, a disagreement arose as to which party would be able to do so going forward. On September 29, 2021, Bankston moved the circuit court to be able to claim the child each year as his dependent, pursuant to 26 U.S.C.[1] § 152. Mattingly, however, requested a court order allowing her to claim the child every other year such that she would be able to claim the child during the years she was not able to claim her older child as a dependent.[2]

---

[1] United States Code.

[2] Mattingly's older child does not belong to Bankston.

The circuit court determined that if Bankston did not claim the child on his taxes his refund would be approximately $4,073 less, and that not claiming the child would result in Mattingly getting $4,347 less. Citing *Adams-Smyrichinsky v. Smyrichinsky*, 467 S.W.3d 767, 781 (Ky. 2015), the circuit court concluded that the Kentucky Supreme Court has directed state trial courts "to allocate the tax credit in a manner which will maximize the greatest financial benefit to the children."

Following what it believed to be the Supreme Court's directive in *Adams-Smyrichinsky*, the circuit court then determined:

> [I]f the tax credit is alternated, each party will receive an increased refund of just over $4,000.00 during the year they claim [the child]. Because the parties share joint custody and are exercising timeshare on an equal basis, the Court concludes, pursuant to *Smyrichinsky*, that the tax credit should be alternated. [Bankston] will claim [the child] during the taxable years when [Mattingly] is claiming her older child. When [Mattingly] is not claiming her older child, she shall claim [the child] for tax credit purposes.

November 22, 2021 Order at 2.

## II. ANALYSIS

"Giving a party the tax exemption is simply a property award, not directly a matter of setting support, since it affects the amount of money the parent enjoying the exemption takes home." *Adams-Smyrichinsky*, 467 S.W.3d at 781. Whether a party is entitled to the exemption is primarily a matter of federal law;

-3-

however, as discussed in greater detail below, in certain situations, the family court may order the parties to execute a waiver allowing one or the other to claim the child on his or her taxes. *Id.*

"A taxpayer may claim a dependency deduction for a child . . . only if the child is the qualifying child of the taxpayer[.]" 26 C.F.R.[3] § 1.152-4(a). To be a qualifying child of the taxpayer, the child must have "the same principal place of abode as the taxpayer for more than one-half of such taxable year." 26 U.S.C. § 152(c)(1)(B). "A child is in the custody of one or both parents for more than one-half of the calendar year if one or both parents have the right under state law to physical custody of the child for more than one-half of the calendar year." 26 C.F.R. § 1.152-4(c).

Thus, the first determination is whether the child was in the custody of either Bankston or Mattingly for more than one-half of the calendar year. The circuit court determined that the parties have equal timesharing, and that the child does not reside with either parent more than the other. In such situations, 26 U.S.C. § 152(c)(4)(B)(ii) applies. This section explicitly addresses situations, like the present, where two or more taxpayers appear eligible to claim the same qualifying child under the general custody rules. It provides that "if the child resides with both parents for the same amount of time during such taxable year, the

_____

[3] Code of Federal Regulations.

parent with the highest adjusted gross income" shall be treated as the parent of the qualifying child. Thus, under the federal tax code, Bankston should be entitled to claim child as his qualifying child, for any year in which he has a higher adjusted gross income than Mattingly.

However, the IRS[4] regulations provide that the noncustodial parent may claim the child if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
>
> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

26 U.S.C. § 152(e)(2). The custodial parent can be ordered to execute the exemption "under threat of contempt from a state court that has assigned the exemption to the noncustodial parent." *Adams-Smyrichinsky*, 467 S.W.3d at 782.

The circuit court appears to have read *Adams-Smyrichinsky* as requiring it to allocate the tax deduction between the two parties. This is not what the Court actually held. The federal income tax code allocates the tax deduction. And, in this case, it gives the award to the party with the higher adjusted gross income. The circuit court was *not* required to look beyond this rule and order that

---

[4] Internal Revenue Service.

party to execute a release in favor of the other party. What the *Adams-Smyrichinsky* Court actually held was that the circuit court can do so but only if it determines first that there are extraordinary reasons that compel disregarding the normal IRS rules. In other words, the circuit court should presume that the IRS rules apply, and it should not displace those rules simply for the sake of fairness or achieving mathematical equality between the parties.

Such orders require "the state trial court to meet the heavy burden of stating sound reasons [on the record] that this award actually serves as a support issue benefitting the child." *Id.* at 784. "[I]f the court cannot articulate a sound reason for why awarding the exemption to the noncustodial parent actually benefits the child, ***and thus affects the child's support***, then it is not making a support award in the first instance, and it simply should not be done." *Id.* (emphasis added).

The Court explained:

Discretion, even in determining equity, or best interests, must have a reasonable and meaningful basis if we are not to undermine the integrity of judicial decisions and thereby erode public faith in the judiciary. To that end, ***a state court must do more than . . . simply divide the exemptions, or simply alternate years***. There is no *judgment* in such an award, and ***no true finding of how it is in a child's best interest, or how the extra money saved from taxes in one parent's household actually benefits the child***. . . . Otherwise, this is simply arbitrary action.

*Id.* at 784 (emphasis added).

It appears from the record that Bankston qualified for the tax deduction not Mattingly. The circuit court's order that the parties alternate years is not the IRS rule. In cases where the parties have roughly equal timesharing, the IRS rule dictates that the deduction belongs to the party with the higher adjusted gross income. Here, the circuit court made a determination what the deduction would mean for ***each parent's finances***, but it did not make a determination what it would mean to ***this child***. Absent from the circuit court's analysis is the critical discussion of "how the extra money saved from taxes in one parent's household actually benefits th[is] child." This could very well differ from Bankston to Mattingly, especially since Mattingly has other children that might dilute the benefit to this child.

"The trial court cannot award the exemption like a piece of property and thereby bind third parties, like the IRS, by its orders; the court can only order the 'custodial parent' to sign a waiver in favor of the noneligible party *for a stated, sound reason reliably related to the support of the child.*" *Id.* at 784-85 (emphasis added). "Because the [circuit] court did not state a reasonable nexus to support assigning the exemption to [Mattingly for the alternating years] the [Marion Circuit] Court abused its discretion." *Id.*

### III. CONCLUSION

Accordingly, for the foregoing reasons, the order of the Marion Circuit Court awarding the dependent-child tax deduction to the parties on alternating years is reversed, and this matter is remanded to the circuit court for entry of any and all appropriate orders.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Robin C. Bennett                        Dallas E. George
Lebanon, Kentucky                       Lebanon, Kentucky